IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| John Martini, Chairman, Board of Trustees, on behalf of NATIONAL ROOFING INDUSTRY PENSION FUND, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| RICHARD HARTER d/b/a JOURNEYMEN CONSTRUCTION; | ) ) Case No. 2:09-CV-362 ) |
| DANIEL MATA d/b/a JOURNEYMEN CONSTRUCTION; and, | ) ) ) |
| JOURNEYMEN CONSTRUCTION, LLC d/b/a JOURNEYMEN CONSTRUCTION INC. | ) ) ) |
| Defendants. | ) |

## SECONDED AMENDED COMPLAINT

Plaintiff **John Martini, Chairman, Board of Trustees, on behalf of NATIONAL ROOFING INDUSTRY PENSION FUND,** by its attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, hereby complains of Defendants **RICHARD HARTER d/b/a JOURNEYMEN CONSTRUCTION, DANIEL MATA d/b/a JOURNEYMEN CONSTRUCTION and JOURNEYMEN CONSTRUCTION, LLC d/b/a JOURNEYMEN CONSTRUCTION INC.,** stating as follows:

## COUNT I

**1.** This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq.

("ERISA"), and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiff **John Martini, Chairman, Board of Trustees, on behalf of NATIONAL ROOFING INDUSTRY PENSION FUND** ("Pension Fund") in order to judicially enforce the obligations owed, and breached, by Defendant **RICHARD HARTER d/b/a JOURNEYMEN CONSTRUCTION** ("Richard Harter") to Plaintiff Pension Fund.

More specifically, Plaintiff Pension Fund seeks to compel Defendant Richard Harter to submit to a payroll audit for the period of June 1, 2007 through the current date. Plaintiff Pension Fund also seeks to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant Complaint. Additionally, Plaintiff Pension Fund seeks to compel Richard Harter to pay any delinquent contributions which are uncovered by the audit, plus liquidated damages and interest.

2. Plaintiff Pension Fund is an employee benefit fund within the meaning of and subject to ERISA. Plaintiff Pension Fund provides benefits for employees working within this judicial district.

3. At all times material herein, Defendant Richard Harter has been signatory to a collective bargaining agreement with the United Union of Roofers, Waterproofers & Allied Workers, Local Union 26 of Merrillville, Indiana ("Union"), and, as such, is bound by the Plaintiff Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

4. Both the Union's collective bargaining agreement and the Trust Agreements which Defendant Richard Harter has agreed to be bound by provide, <u>inter alia</u>, that field audits of an employer's payroll and related records may be made by the Pension Fund so as to insure that the

2

appropriate employer contributions are made to the Funds and that liquidated damages and interest fees be charged to any contribution which is not paid in a timely fashion.

**5.** Despite Plaintiff Pension Fund's requests, Defendant Richard Harter has failed to permit Plaintiff Pension Fund's designated field auditor to review the payroll books and related records of Defendant Richard Harter for the period of June 1, 2007 through the present date.

**6.** Plaintiff Pension Fund has satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132(h).

WHEREFORE, Plaintiff Pension Fund prays that this Court order that:

**1.** Within thirty (30) days of the date of this Order, Defendant Richard Harter d/b/a Journeymen Construction shall make available to the Plaintiff Pension Fund's auditors all of its payroll books and records and such other financial records as are required by the auditors in order to determine the amount of contributions and deductions owed to the Plaintiff Pension Fund by the Defendant for the period of June 1, 2007 through the present date;

**2.** Within a reasonable time after completion of the inspection of Defendant Richard Harter d/b/a Journeymen Construction's books and records, Plaintiff shall file with the Court and serve upon the Defendant an itemized statement of all delinquent contributions, deductions, interest, liquidated damages, audit costs and attorneys' fees and costs the Plaintiff claims it is owed by the Defendant. Absent objection within fifteen (15) business days of service upon Defendant Richard Harter d/b/a Journeymen Construction, the Court shall enter final judgment in favor of the Plaintiff and against Defendant in the amount requested. In the event of an

objection, the Court will determine the need for a further hearing;

**3.** Defendant Richard Harter d/b/a Journeymen Construction pay statutory post-judgment interest on all delinquent contributions and deductions found due, herein;

**4.** Defendant Richard Harter d/b/a Journeymen Construction comply with the terms of its agreement with the Plaintiff Pension Fund; and,

**5.** Such other and further relief that this Court may find proper be entered against the Defendant Richard Harter d/b/a Journeymen Construction.

## COUNT II

**1.** This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA"), and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiff **John Martini, Chairman, Board of Trustees, on behalf of NATIONAL ROOFING INDUSTRY PENSION FUND** ("Pension Fund") in order to judicially enforce the obligations owed, and breached, by Defendant **DANIEL MATA d/b/a JOURNEYMEN CONSTRUCTION** ("Daniel Mata") to Plaintiff Pension Fund.

More specifically, Plaintiff Pension Fund seeks to compel Defendant Daniel Mata to submit to a payroll audit for the period of June 1, 2007 through the current date. Plaintiff Pension Fund also seeks to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant Complaint. Additionally, Plaintiff Pension Fund seeks to compel Daniel Mata to pay any delinquent contributions which are uncovered by the audit, plus

liquidated damages and interest.

**2.** Plaintiff Pension Fund is an employee benefit fund within the meaning of and subject to ERISA. Plaintiff Pension Fund provides benefits for employees working within this judicial district.

**3.** At all times material herein, Defendant Daniel Mata Construction has been signatory to a collective bargaining agreement with the United Union of Roofers, Waterproofers & Allied Workers, Local Union 26 of Merrillville, Indiana ("Union"), and, as such, is bound by the Plaintiff Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

**4.** Both the Union's collective bargaining agreement and the Trust Agreements which Defendant Daniel Mata has agreed to be bound by provide, <u>inter</u> <u>alia</u>, that field audits of an employer's payroll and related records may be made by the Pension Fund so as to insure that the appropriate employer contributions are made to the Funds and that liquidated damages and interest fees be charged to any contribution which is not paid in a timely fashion.

**5.** Despite Plaintiff Pension Fund's requests, Defendant Daniel Mata has failed to permit Plaintiff Pension Fund's designated field auditor to review the payroll books and related records of Defendant Daniel Mata for the period of June 1, 2007 through the present date.

**6.** Plaintiff Pension Fund has satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132(h).

WHEREFORE, Plaintiff Pension Fund prays that this Court order that:

**1.** Within thirty (30) days of the date of this Order, Defendant Daniel Mata d/b/a

Journeymen Construction shall make available to the Plaintiff Pension Fund's auditors all of its payroll books and records and such other financial records as are required by the auditors in order to determine the amount of contributions and deductions owed to the Plaintiff Pension Fund by the Defendant for the period of June 1, 2007 through the present date;

**2.** Within a reasonable time after completion of the inspection of Defendant Daniel Mata d/b/a Journeymen Construction's books and records, Plaintiff shall file with the Court and serve upon the Defendant an itemized statement of all delinquent contributions, deductions, interest, liquidated damages, audit costs and attorneys' fees and costs the Plaintiff claims it is owed by the Defendant. Absent objection within fifteen (15) business days of service upon Defendant Daniel Mata d/b/a Journeymen Construction, the Court shall enter final judgment in favor of the Plaintiff and against Defendant in the amount requested. In the event of an objection, the Court will determine the need for a further hearing;

**3.** Defendant Daniel Mata d/b/a Journeymen Construction pay statutory post-judgment interest on all delinquent contributions and deductions found due, herein;

**4.** Defendant Daniel Mata d/b/a Journeymen Construction comply with the terms of its agreement with the Plaintiff Pension Fund; and,

**5.** Such other and further relief that this Court may find proper be entered against the Defendant Daniel Mata d/b/a Journeymen Construction.

## **COUNT III**

**1.** This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, <u>et</u> <u>seq.</u>

("ERISA"), and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145, and is brought by Plaintiff **John Martini, Chairman, Board of Trustees, on behalf of NATIONAL ROOFING INDUSTRY PENSION FUND** ("Pension Fund") in order to judicially enforce the obligations owed, and breached, by Defendant **JOURNEYMEN CONSTRUCTION, LLC d/b/a JOURNEYMEN CONSTRUCTION INC.** ("Journeymen Construction") to Plaintiff Pension Fund.

More specifically, Plaintiff Pension Fund seeks to compel Defendant Journeymen Construction to submit to a payroll audit for the period of June 1, 2007 through the current date. Plaintiff Pension Fund also seeks to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant Complaint. Additionally, Plaintiff Pension Fund seeks to compel Journeymen Construction to pay any delinquent contributions which are uncovered by the audit, plus liquidated damages and interest.

2. Plaintiff Pension Fund is an employee benefit fund within the meaning of and subject to ERISA. Plaintiff Pension Fund provides benefits for employees working within this judicial district.

3. At all times material herein, Defendant Journeymen Construction has been signatory to a collective bargaining agreement with the United Union of Roofers, Waterproofers & Allied Workers, Local Union 26 of Merrillville, Indiana ("Union"), and, as such, is bound by the Plaintiff Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

4. Both the Union's collective bargaining agreement and the Trust Agreements which Defendant Journeymen Construction has agreed to be bound by provide, <u>inter alia</u>, that field audits

of an employer's payroll and related records may be made by the Pension Fund so as to insure that the appropriate employer contributions are made to the Funds and that liquidated damages and interest fees be charged to any contribution which is not paid in a timely fashion.

5. Despite Plaintiff Pension Fund's requests, Defendant Journeymen Construction has failed to permit Plaintiff Pension Fund's designated field auditor to review the payroll books and related records of Defendant Journeymen Construction for the period of June 1, 2007 through the present date.

6. Plaintiff Pension Fund has satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132(h).

WHEREFORE, Plaintiff Pension Fund prays that this Court order that:

1. Within thirty (30) days of the date of this Order, Defendant Journeymen Construction LLC d/b/a Journeymen Construction Inc. shall make available to the Plaintiff Pension Fund's auditors all of its payroll books and records and such other financial records as are required by the auditors in order to determine the amount of contributions and deductions owed to the Plaintiff Pension Fund by the Defendant for the period of June 1, 2007 through the present date;

2. Within a reasonable time after completion of the inspection of Defendant Journeymen Construction, LLC d/b/a Journeymen Construction Inc.'s books and records, Plaintiff shall file with the Court and serve upon the Defendant an itemized statement of all delinquent contributions, deductions, interest, liquidated damages, audit costs and attorneys' fees and costs

the Plaintiff claims it is owed by the Defendant. Absent objection within fifteen (15) business days of service upon Defendant Journeymen Construction, LLC d/b/a Journeymen Construction Inc., the Court shall enter final judgment in favor of the Plaintiff and against Defendant in the amount requested. In the event of an objection, the Court will determine the need for a further hearing;

3. Defendant Journeymen Construction, LLC d/b/a Journeymen Construction Inc. pay statutory post-judgment interest on all delinquent contributions and deductions found due, herein;

4. Defendant Journeymen Construction, LLC d/b/a Journeymen Construction Inc. comply with the terms of its agreement with the Plaintiff Pension Fund; and,

5. Such other and further relief that this Court may find proper be entered against the Defendant Journeymen Construction, LLC d/b/a Journeymen Construction Inc.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By _____/s/Paul T. Berkowitz_____
**PLAINTIFF'S ATTORNEYS**

PAUL T. BERKOWITZ
& ASSOCIATES, LTD.
Suite 600
123 West Madison
Chicago, Illinois  60602
(312) 419-0001
(312) 419-0002 FAX
Attorney ID# 19025-49