UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| John Martini, Chairman, Board of Trustees, on behalf of NATIONAL ROOFING INDUSTRY PENSION FUND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD HARTER d/b/a JOURNEYMEN CONSTRUCTION; DANIEL MATA d/b/a JOURNEYMEN CONSTRUCTION; and, JOURNEYMEN CONSTRUCTION, LLC d/b/a JOURNEYMEN CONSTRUCTION INC.<br><br>　　　　Defendants. | CAUSE NO.: 2:09-CV-362-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Verified Motion to Court for Entry of an Order and Default Judgment Against Defendant Daniel Mata d/b/a Journeyman Construction, Only [ECF No. 40], filed on March 5, 2012.

On November 24, 2010, the Plaintiff, a national pension fund providing pension benefits to members of different affiliated local unions of the United Union of Roofers, Waterproofers and Allied Workers, filed its Second Amended Complaint pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* (ERISA), to judicially enforce the obligations owed by Defendants Richard Harter d/b/a Journeymen Construction, Daniel Mata d/b/a Journeymen Construction, and Journeymen Construction, LLC d/b/a Journeymen Construction. On June 10, 2011, the Plaintiff filed a Motion for Clerk to Enter Default of All Defendants [ECF No. 30], which the Clerk granted on June 13 [ECF No. 31] for the Defendants' failure to plead or otherwise defend in this litigation. Counsel then appeared for Defendant Richard

Harter d/b/a Journeyman Construction and the parties began negotiating a settlement. (Status Report, ECF No. 38.) In a March 6 Status Report to the Court, the Plaintiff advised that Daniel Mata d/b/a Journeymen Construction (Mata) was refusing to sign any documents in furtherance of settlement. On this same date, the Plaintiff sought default judgment against Mata only for $20,083.46 in delinquent contributions, liquidated damages, and interest for the period of June 1, 2007, through July 15, 2008, and $12,793.33 in attorney's fees and $350 in costs.

Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323.

In this action, the Plaintiff has sought to collect delinquent contributions and deductions pursuant to 29 U.S.C. § 1132 and § 1145 on grounds that Mata was a signatory to a collective bargaining agreement with the United Union of Roofers, Waterproofers and Allied Workers, Local

Union 26 of Merrillville, Indiana, and, as such, is bound by the Plaintiff's Agreement and Declaration of Trust. The Plaintiff alleges that both the collective bargaining agreement and the Trust Agreement require that Mata pay liquidated damages and interest fees on any contribution that is not paid in a timely fashion, and that the Defendants owe contributions, deductions interest, liquidated damages, audit costs and attorney's fees and costs for the period of June 1, 2007, through the present. In its Motion seeking default judgment against Mata, the Plaintiffs request delinquent contributions and deductions for the period of June 1, 2007, through July 15, 2008, in the following amounts: $20,083.46 in delinquent contributions, liquidated damages, and interest; $12,793.33 in attorney's fees; and $350 in costs.

In actions to recover delinquent payments under ERISA §1145, courts are to award not only the unpaid contributions, but also accrued interest, liquidated damages, and reasonable attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2) (providing for accrued interest, double interest or liquidated damages, and attorney's fees and costs); *see also Chi. Truck Drivers v. El Paso CGP Co.*, 525 F.3d 591, 604 (7th Cir. 2008) (noting that liquidated damages are "the penalty that the employer pays for forcing a plan sponsor to litigate"). ERISA also provides for fee shifting. 29 U.S.C. § 1132(g). In support of their request for delinquent contributions and deductions, the Plaintiffs have submitted the Affidavit of the auditor, Janice Keene [ECF No. 40-1], and detailed spreadsheets. In support of its request for attorney fees and costs, the Plaintiff submitted the Affidavit of Paul T. Berkowitz [DE 40-2] and detailed time sheets that reflect the time billed and the billing rate. The Certificate of Service attached to the Plaintiffs' Motion indicates that the Motion was mailed by United States Postal Service to Mata at the Hobart, Indiana, address that is identified on the Court's record. Mata has not responded to or otherwise opposed the Plaintiff's Verified Motion.

The default of Mata has already been established, and, as a matter of law, Mata is liable to the Plaintiff on the cause of action alleged against him in the Second Amended Complaint. Additionally, the relief sought by the Plaintiff in its Motion for default judgment does not differ in kind from the relief sought in the Second Amended Complaint or exceed the amount demanded in the Second Amended Complaint. And, considering the affidavits and documentary materials before the Court, no hearing is necessary to determine the amount of damages.

Therefore, the Court, being duly advised, GRANTS the Plaintiffs' Verified Motion to Court for Entry of an Order and Default Judgment Against Defendant Daniel Mata d/b/a Journeyman Construction, Only [ECF No. 40]. The Court ORDERS the Clerk of this Court to enter default judgment in the Plaintiffs's favor and against Defendant Daniel Mata d/b/a Journeyman Construction, in the amount of $20,083.46, together with attorney fees and costs in the amounts of $12,793.33 and $350, respectively.

SO ORDERED on March 21, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION